# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO: 09-02828 (BKT)** |
| **ENTERLIFE AMBULANCE CORP.** | **CHAPTER 11** |
| Debtor | |
| _____ | **ADV. PRO. 09-0178** |
| **ENTERLIFE AMBULANCE, CORP** | |
| Plaintiff | |
| v. | |
| **EFRAIN TORRES,** *et al.* | |
| Defendants | |

## JOINT STIPULATION AND SETTLEMENT BETWEEN EFRAIN TORRES, THE CO-DEFENDANTS, THE THIRD-PARTY DEFENDANTS AND THE DEBTOR DISPOSING OF ALL CLAIMS BETWEEN THE PARTIES

**TO THE HONORABLE COURT:**

**COME NOW**, Enterlife Ambulance Corp., hereinafter referred to as the Debtor, the Defendants, Efrain Torres, Yessica Hernandez[1], Carmen Marcano, Luis Morales, and the conjugal partnership formed between them, Firemedic Ambulance Corp., City Ambulance Corp., United Administration Corp., and the third-party Defendants, Dr. Francisco Ojeda, Maria Feliciano, and the conjugal partnership formed between them, Francisco Ojeda Feliciano, Bernina Hernandez, and the conjugal partnership formed between them, through the undersigned attorneys, very respectfully

---

[1]Efrain Torres and Yessica Hernandez are married and have a prenuptial agreement.

STATE and PRAY:

*Preliminary Statement*

The above-named parties have reached an agreement where all of the parties, without exchanging any monies whatsoever, hereby mutually, fully and forever waive and release any claim that they had or may have had against each other related directly or indirectly to the facts of the cases presented between them below detailed. All rights, actions, claims of any kind whatsoever between the parties, including all pending appeals or appeals that could have been brought, are permanently and fully released and forever disposed of pursuant to the Stipulation below.

*Relevant Facts*

1. On August 13, 2010, the Debtor initiated Adversary Proceeding 09-0178 against Efrain Torres, its former president and former shareholder, Firemedic Ambulance Corp., a company incorporated by Torres' Mother, Carmen Marcano, City Ambulance Corporation, a company incorporated by Torres' wife, Yessica Hernandez, and United Administration, a company incorporated by Torres' Father-in-law. Debtor alleged, among other things, a breach of fiduciary duties and associated torts.

2. In response to Debtor's Complaint, Torres submitted a claim for damages against Enterlife, and its current president, Dr. Francisco Ojeda and against Dr. Ojeda's wife, Maria Feliciano, Dr. Ojeda's son, Francisco Ojeda Feliciano, and Dr. Ojeda's daughter-in-law, Bernina Hernandez.

3. Concurrent with the progress of the Adversary Proceeding, was the progress of Debtor's Bankruptcy Proceeding.

4. The Debtor submitted its petition for Bankruptcy under Chapter 11 of the Bankruptcy Code

on April 8, 2010.

5. The bar date for claims was August 17, 2009. Torres submitted his Proof of Claim on November 2, 2009 for $61,875. (Claim No. 8). The Debtor objected to the proof of claim for being filed beyond the bar date among other things.

6. This Court on November 13, 2009 ordered the Confirmation of Debtor's Plan of Reorganization. (Case No. 09-2828, Dkt. No. 75).

7. On December 18, 2009 Torres initiated a separate Adversary Proceeding, Adv. Pro. 09-0255, against the Debtor challenging the confirmation of its Plan.

8. This Court on March 31, 2010 dismissed Torres' complaint challenging the confirmation of the Debtor's Plan. (Adv. Pro. 09-0255, Dkt. No. 17).

9. This Court on April 14, 2010 denied Torres' Proof of Claim. (Bankruptcy Case No. 09-02828, Dkt. No. 101).

10. Torres noted appeals for both the dismissal of his Adversary Proceeding (Adv. Pro. 09-0255) and for the denial of his claim (Claim No. 8). These appeals are now pending before the Bankruptcy Appellate Panel for the First Circuit (Case Nos. 10-020 and 10-027 and any other related appeal).

11. On May 21, 2010 this Court granted Debtor's Motion to dismiss City Ambulance as a Defendant. (Adv. Pro. 09-0178, Dkt. No. 186).

12. The parties, during the course of litigating Adversary Proceeding 09-0178 had multiple disputes that resulted in the issuance of multiple court orders on the matter.

*Stipulation*

13. From hereon after the word litigation will be used to collectively refer to the Bankruptcy

Court proceedings aforementioned pending between the appearing parties, to wit, Adversary Proceeding 09-178, the main Bankruptcy Proceeding 09-2828, Adversary Proceeding 09-2525, and all appeals related to all of the aforementioned cases.

14. All of the parties in the litigation, including all affiliates, assigns, agents and heirs of the parties of the litigation hereby stipulate to the following:

   A. That Efrain Torres both in his personal capacity and in the capacity of any position, member of any Board of Directors, officer or similar of any company, hereby forever and absolutely waives, releases and forgoes any right, claim, or other action that he has, could have had, or may have had up to this date and did not raise against Debtor, Debtor's officers, Debtor's employees, Dr. Francisco Ojeda and Maria Feliciano, the conjugal partnership formed between them, and family of Dr. Ojeda, including without limitation Dr. Ojeda's children and their spouses, including Francisco Ojeda Feliciano and Bernina Hernandez absolutely and forever. Efrain Torres' waiver applies to himself in any capacity he may hold, his heirs, his assigns, his agents, entities affiliated with him and applies to anyone, without limitation, acting on his behalf.

   B. That Carmen Marcano and Luis Morales, the conjugal partnership formed between them, the companies incorporated by them, Firemedic Ambulance Corp. and United Administration, and any company affiliated with them, any company affiliated with Firemedic or United Administration, any affiliated entity whatsoever, and any heir, assign, agent or anyone acting on their

behalf, hereby absolutely and forever forgo, release and waive any claim, action, or right that they have, may have had, or could have brought up to this date against Debtor, Debtor's officers, Debtor's employees, Dr. Francisco Ojeda and his family including without limitation Dr. Ojeda's wife, Maria Feliciano and children including without limitation Francisco Ojeda Feliciano and his wife Bernina Hernandez.

C. That Yessica Hernandez and any company incorporated by Yessica Hernandez, including City Ambulance Corp., any company that is affiliated with Yessica Hernandez, hereby absolutely and forever forgoes, releases and waives any claim, action, or right she has, may have had, or could have brought up to this date against Debtor, Debtor's officers, Debtor's employees, Dr. Francisco Ojeda and his family including without limitation Dr. Ojeda's wife, Maria Feliciano and children including without limitation Francisco Ojeda Feliciano and his wife Bernina Hernandez.

D. That Efrain Torres hereby waives and withdraws all and any appeal that is ongoing or that he may have or may have had regarding the decisions entered by the U.S. Bankruptcy Court for the District of Puerto Rico reached in this matter or any related proceeding including but not limited to the appeals of the dismissal of Torres' Claim No. 8 (Bankruptcy Case No. 09-02828) and the dismissal of Torres' Complaint challenging the confirmation of Debtor's Plan (Adv. Pro. 09-0255). Torres further accepts and acknowledges that this Court's Order confirming Debtor's Plan of Reorganization and this Court's

denial of Torres' Claim No. 8 remain valid in effect and in full force and vigor.

E. That Efrain Torres, Yessica Hernandez, Carmen Marcano, Luis Morales, Firemedic Ambulance, United Administration and City Ambulance, all hereby acknowledge and accept the confirmation of Debtor's Plan of Reorganization as entered and confirmed by this Court on November 13, 2010 (Case No. 09-02828, Dkt. No. 75) and acknowledge and accept the dismissal of Torres' Proof of Claim No. 8 and hereby absolutely and forever forgo and waive any challenge, amendment or modification to the Plan whatsoever.

F. That Debtor hereby absolutely and forever forgoes, releases and waives any claim or action that it has, may have had, or could have brought up to this date against Efrain Torres, Yessica Hernandez, the conjugal partnership between them, Carmen Marcano, Luis Morales and the conjugal partnership formed between them, Firemedic Ambulance Corp., United Administration, as well as any affiliated entity, heirs, assigns, and agents of the aforementioned parties. The Debtor makes this waiver on its behalf as well as to any entity or person acting on its behalf, including without limitation, its assigns, officers, affiliated entities, successors, heirs and agents.

G. That Dr. Francisco Ojeda, his wife María Feliciano, the conjugal partnership formed by him and his wife, Maria Feliciano, his children, including his son Francisco Ojeda Feliciano, his wife Bernina Hernánez, and the conjugal

partnership between Francisco Ojeda Feliciano and Bernina Hernandez, hereby absolutely and forever forgo, release and waive any claim or action that they have, may have had, or could have brought up to this date against Efrain Torres, Yessica Hernandez, Carmen Marcano, Luis Morales, and the conjugal partnership formed between them, Firemedic Ambulance Corp., City Ambulance and United Administration as well as any affiliated entity, heirs, assigns, and agents of the aforementioned parties. Dr. Francisco Ojeda, his wife María Feliciano, the conjugal partnership formed by him and his wife, Maria Feliciano, his children, including his son Francisco Ojeda Feliciano, his wife Bernina Hernández and the conjugal partnership constituted between Francisco Ojeda Feliciano and Bernina Hernandez makes this waiver on their behalf as well as to any entity or person acting on their behalf, including without limitation, assigns, officers, affiliated entities, successors, heirs and agents.

H. The parties herein hereby stipulate that in exchange for these mutual waivers and releases, that no party has any claim for any damages or for any action whatsoever and that the parties fully release each other absolutely and forever without payment of monies or exchange of any other action whatsoever.

I. All claims, actions, or rights that the parties had or may have had against each other, either in legal proceedings before courts of competent jurisdiction, including without limitation federal or state courts, or before administrative forums including without limitation any and all proceedings before the

Public Service Commission are forever and absolutely extinguished and waived.

J. No party under this stipulation shall be receiving any money, benefit or other action from any other party.

K. That the parties agree that the instant stipulation and settlement hereby resolves and disposes forever of any claim that the parties had or may have had against each other forever.

L. That nothing in this stipulation should be interpreted to prevent the parties, including without limitation Mr. Efrain Torres, from being associated in any way with businesses in the same line of business as that of Debtor. This includes without limitation that Mr. Efrain Torres works, aids, consults, owns, directs, administers, acquires, opens or is affiliated with in any way to any ambulance service provider or business or any paramedic service provider or business, including without limitation, Firemedic Ambulance Corporation, City Ambulance Corporation and United Administration, or any other ambulance or paramedic company or service provider, whether specified or not specified in this agreement, or whether these ambulance companies may compete directly or indirectly with debtor.

M. For any and all actions from the date of this Agreement going forward, the Debtor is obligated not to use Efrain Torres' name on any document, whether official or unofficial, in any promotion, in any correspondence, or in any representation to the general public for any matter associated with the Debtor

except without Efrain Torres' consent. In the same manner, for any and all actions from the date of this Agreement going forward, Efrain Torres is obligated not to use Debtor's name (Enterlife Ambulance) on any document, whether official or unofficial, in any promotion, in any correspondence, or in any representation to the general public for any matter associated with the Efrain Torres or any Ambulance Company with which he is affiliated except without Debtor's consent. To this end, Efrain Torres and the Debtor mutually release, discharge and forever hold each other harmless for any unauthorized use of each other's name or mark or for any claim, charge, or complaint that may be related to the unauthorized use of name or mark, including without limitation legal defense costs, attorney fees, and any amount for settlement, verdict or judgment that may be issued against Efrain Torres for Debtor's unauthorized use of Torres' name or against Debtor for Torres' unauthorized use of Debtor's name or mark.

15. The Debtor and the parties hereby submit that this Settlement and Stipulation is in the best interest of the estate by avoiding additional litigation costs.

16. Pursuant to this Settlement and Stipulation, the parties will be filing motions permanently dismissing with prejudice any and all claims, including all appeals, that they may have had against each other in all courts or administrative processes; all without any imposition of costs or attorney fees.

**WHEREFORE,** the Parties respectfully request this Court to approve the Joint Settlement and Stipulation permanently resolving any and all claims that the parties had or may have had against

each other.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 27th day of May 2010.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record and that all parties appearing on the Master Address list in the main Bankruptcy Proceeding, Case No. 09-02828, but not on the CM/ECF system shall be served by U.S. Mail.

*Counsel for the Debtor:*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC No. 207312
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203

*Counsel for Efrain Torres:*

**ALFARO ALFARO & ACEVEDO-CARLSON**
PO Box 193251
San Juan, PR 00919-3251
Tel. (787) 751-6212
Fax (787) 751-1645
Sonia_B_Alfaro@yahoo.com

*s/Sonia B. Alfaro De La Vega*
**SONIA B. ALFARO DE LA VEGA**

*Counsel for Carmen Marcano, Luis Morales, the Conjugal Partnership between them, Firemedic Ambulance, City Ambulance, United Administration, and Yessica Hernandez*

*s/Kayra D. Montañez-Laboy*
USDC-PR No. 221407
Attorney for Co-defendants
Urb. Parkville Este

10

C/ Mckinley 0-11  
Guaynabo, PR 00969  
Tel.939-940-2527  
*E-Mail:* kayrada@yahoo.com

*Counsel for Dr. Francisco Ojeda, Maria Feliciano, Francisco Ojeda Feliciano, and Bernina Hernandez*

*/s/ Evelyn Rosa Morel*  
Evelyn Rosa Morel, Esq.  
LAW OFFICES BENJAMIN ACOSTA, J  
PO BOX 9023518  
SAN JUAN, PR 00902-3518  
787-722-2363  
Fax : 787-724-5970  
Email: evelynrosa@lobajr.com

*Counsel for Efrain Torres (Adversary Proceeding 09-1255; Case No. 09-02828 and all related appeals)*

*/s/ Isabel M. Fullana*  
Isabel M. Fullana, Esq.  
Garcia-Arregui & Fullana  
252 Ponce de Leon  
Ste. 1101  
Hato Rey, PR 00918  
Tel: 787-766-2530  
Fax: 787-756-7800  
Email: anullaf@prtc.net

## **NOTICE PURSUANT TO BANKRUPTCY RULE 2002(a)(3) TO ALL CREDITORS AND PARTIES IN INTEREST**

Pursuant to Bankruptcy Rule 2002(a)(3), within **twenty-one (21)** days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any

other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.